IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| DAVID LEON SUTTLE, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-16-404-HE |
| | ) | |
| JODY UPTON, Warden, FCI El Reno, | ) | |
| | ) | |
| Respondent. | ) | |

# REPORT AND RECOMMENDATION

David Suttle (Petitioner), a federal inmate appearing pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. Chief United States District Court Judge Joe Heaton referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). In accordance with Rule 4 of the Rules Governing Section 2254 Cases, and following careful examination of the petition, the undersigned recommends that it be dismissed on filing.[1] The undersigned

---

[1] Rule 4 may be applied in the court's discretion to actions brought pursuant to 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing 2254 Cases in the United States District Courts. *See also Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005) (district court acted within its discretion in applying the Section 2254 Rules to prisoner's § 2241 petition) (citing Rule 1(b)).

recommends the court dismiss the petition without prejudice for lack of jurisdiction.

I. **Petitioner's claims.**

Petitioner, currently housed at FCI El Reno in this district, argues his sentence for his 2007 felon-in-possession conviction in the Western District of Texas must be vacated for resentencing because of an illegal Armed Career Criminal Act sentence enhancement. Doc. 2, at 2, 14 ("In light of *Johnson* [*v. United States*, 135 S. Ct. 2551 (2015)], [Petitioner's] convictions no longer qualify under the residual clause of USSG § 4B1.2, and his sentence must be vacated for resentencing without the ACCA enhancement."). After accepting Petitioner's guilty plea, that district court sentenced him to 210 months' imprisonment and five years' supervised release. *Id.* at 3. The Fifth Circuit dismissed Petitioner's appeal, which raised ineffective assistance of counsel. Doc. 1, at 2; Doc. 2, at 3. The Western District of Texas denied his June 22, 2009 § 2255 motion, where Petitioner alleges he raised the *Johnson* claim. Doc. 1, at 4; Doc. 2, at 3.

II. **Analysis.**

"[A] federal prisoner's attempt to attack the legality of his conviction or sentence generally must be brought under [28 U.S.C.] § 2255, and in the district court that convicted and sentenced him. . . ." *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011). Section 2255 typically gives a federal prisoner

"one adequate and effective opportunity to test the legality of his detention"—i.e., "in his initial § 2255 motion." *Id.* (emphasis omitted). If that challenge fails, as Petitioner's did, then the prisoner cannot file a "second or successive" § 2255 motion in the district court unless "a panel of the appropriate court of appeals" certifies that the motion contains: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h) (citing 28 U.S.C. § 2244). District courts typically "do[] not even have jurisdiction to deny the relief sought" in a prisoner's subsequent collateral attack on his federal conviction or sentence. *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006); *see also Abernathy v. Wandes*, 713 F.3d 538, 557 (10th Cir. 2013) (citing 28 U.S.C. § 2255(e)).

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity" and "[a] 28 U.S.C. § 2255 petition attacks the legality of detention." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). A habeas corpus petition pursuant to § 2241 "is not an additional,

3

alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). Instead, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965); *see* 28 U.S.C. § 2255(e).

Congress has created one exception for prisoners to file a § 2241 petition rather than a § 2255 petition under the savings clause of § 2255(e): "a federal prisoner may resort to § 2241 to contest his conviction if but only if the § 2255 remedial mechanism is 'inadequate or ineffective to test the legality of his detention.'" *Prost*, 636 F.3d at 580 (quoting 28 U.S.C. § 2255(e)). The circumstances under which the savings clause might apply are "extremely limited," and it is the prisoner's burden to show that the remedy provided by § 2255 is inadequate or ineffective. *Id.* at 584.

"[T]he mere fact [a prisoner] is precluded from filing a second § 2255 petition does not establish that the remedy in § 2255 is inadequate." *Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999). Instead, the opportunity to seek a § 2255 remedy must be deemed "genuinely absent" before a prisoner may properly file a § 2241 application. *Prost*, 636 F.3d at 588. In *Prost*, the Tenth Circuit rejected the prisoner's argument that an intervening Supreme Court decision provided a basis for him to proceed

4

under the savings clause, because the prisoner was not barred by any defect in the § 2255 process from bringing such a claim in his initial § 2255 motion. *Id.* at 589 (The Tenth Circuit rejected the prisoner's argument that Supreme Court decision in *United States v. Santos*, 553 U.S. 507 (2008), provided basis to bring a claim under the savings clause, because he could have raised a similar claim in his § 2255 motion). An example of a "genuinely absent" remedy might be when the original sentencing court has been abolished or dissolved, and the petitioner has nowhere to file a § 2255 motion. *See id.*; *see also Caravalho*, 177 F.3d at 1178 (listing cases).

Petitioner argues he is entitled to habeas relief because the Western District of Texas previously rejected his claim and because he is currently housed in this district. This argument fails because he does have a remedy. *See* Doc. 2, at 1, 6-7, 9. Petitioner may seek authorization from the U.S. Court of Appeals for the Fifth Circuit to file a second or successive § 2255 Motion. *See In re Encinias*, __ F.3d __, No. 16-8038, 2016 WL 1719323, (10th Cir. Apr. 29, 2016) (per curiam) (granting petitioner's motion for authorization to file a second or successive motion for relief under § 2255, relying on § 2255(h)(2), and noting that "[t]he Supreme Court recently made *Johnson*'s holding retroactive to cases on collateral review in *Welch v. United States*, __ U.S. __, 2016 WL 1551144, at *8 (Apr. 18, 2016))."

This court expresses no opinion as to whether the Fifth Circuit would grant Petitioner leave to file a second or successive § 2255 motion, or whether Petitioner would be entitled to relief under *Johnson*. *See Encinias*, 2016 WL at *1 (noting that to grant authorization the circuit court need only decide "it appears reasonably likely that the application satisfies the stringent requirements of the filing of a second or successive petition," leaving definitive disposition of that question to the district court (quoting *Case v. Hatch*, 731 F.3d 1015, 1028 (10th Cir. 2013) (internal quotation marks omitted)).[2] The court finds it lacks jurisdiction to review Petitioner's application under § 2241. *Abernathy*, 713 F.3d at 557 ("[W]hen a federal petitioner fails to establish that he has satisfied § 2255(e)'s savings clause test—thus, precluding him from proceeding under § 2241—the court lacks statutory jurisdiction to hear his habeas claims.") (citing cases).

---

[2] A § 2255 motion relying on a newly-recognized right must be filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court . . . ." 28 U.S.C. § 2255(f)(3). The one-year period prescribed by § 2255(f)(3) runs from the date the Supreme Court initially recognized the asserted right, and not from the date it was found to be retroactive. *See Dodd v. United States*, 545 U.S. 353, 359 (2005). The Supreme Court decided *Johnson* on June 26, 2015.

## V. Recommended ruling and notice of right to object.

The undersigned recommends the court dismiss Petitioner's petition without prejudice.

The undersigned advises the parties of their right to object to this report and recommendation by May 23, 2016, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

Entered this 6th day of May, 2016.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE