# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DAVID LEON SUTTLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | NO. CIV-16-0404-HE |
| | ) | |
| JODY UPTON, Warden, FCI El Reno, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner David Leon Suttle, a federal inmate appearing *pro se*, filed this action pursuant to 28 U.S.C. § 2241 seeking habeas relief. He alleges that his sentence for his 2007 felon-in-possession of a firearm conviction in the Western District of Texas was improperly enhanced under the Armed Career Criminal Act's residual clause. Consistent with 28 U.S.C. §636(b)(1)(B), (C), the matter was referred to Magistrate Judge Suzanne Mitchell, who recommends that the petition be dismissed upon filing for lack of jurisdiction. *See* Rule 4, Rules Governing 2254 Proceedings.

In her Report and Recommendation the magistrate judge discussed the different purposes served by petitions for relief filed under § 2241 and§ 2255. Because petitioner failed to show that the remedy provided in § 2255 was "inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e), the magistrate judge concluded he could not resort to § 2241 to challenge his conviction. However, she determined petitioner could seek authorization from the Fifth Circuit Court of Appeals to file a

second or successive § 2255 motion,[1] so long as he did so within the one year period prescribed by 28 U.S.C. § 2255(f)(3). The magistrate judge noted that the one year period began to run on June 26, 2015. See Doc. #9, p. 6 n. 2.

Petitioner disagrees that the court lacks jurisdiction to hear his § 2241 habeas claim. His arguments are not persuasive.

Accordingly, the court **ADOPTS** the report and recommendation of Magistrate Judge Mitchell and **DISMISSES** the petition without prejudice upon filing for lack of jurisdiction.

**IT IS SO ORDERED**.

Dated this 27th day of May, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE

---

[1]Petitioner previously sought relief under § 2255. See Doc. #1, p. 4.